IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV12-01-MU

| | |
|---|---|
| ROBERT MICHAEL LONG, Jr. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MATT SULLIVAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed January 9, 2009. After careful consideration, for the reasons set forth herein, Plaintiff's Complaint is dismissed.

Plaintiff has filed his Complaint against Matt Sullivan,[1] a homeowner, and C.E. Busic, a police officer. Plaintiff alleges that Defendant Sullivan erroneously reported that Plaintiff tried to break into his house. Plaintiff alleges that Defendant Busic illegally charged him with breaking and entering and filed a false police report. Plaintiff asks this Court to order his state charges to be dismissed and that he be awarded monetary damages.

As Plaintiff requests this Court to dismiss his charges rather than a conviction, it appears Plaintiff is asking this Court to intervene in a pending state criminal proceeding. Pursuant to the

---

[1] In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983. A private citizen is not a "state actor" and thus is not amenable to suit under § 1983. Accordingly, Plaintiff fails to state a claim under 42 U.S.C. §1983 against Defendant Sullivan.

Younger abstention doctrine, this Court must abstain from interfering in such matters. See Younger v. Harris, 401 U.S. 37, 45 (1971)(federal courts may not award declaratory or injunctive relief that would affect pending state criminal proceeding).

To the extent Plaintiff is asking for damages, his Complaint must be dismissed because it fails to state a claim on which relief may be granted. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into question by a federal court's issuance of a § 2254 writ . Id. If the prisoner cannot make this showing, his claim is not cognizable. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, a district court should dismiss the §1983 action. Id.

Although the decision in Heck concerned a conviction, its rationale is also applicable to pre-trial detainees. See Snodderly v. R.U.F.F., 239 F.3d 892 (7th Cir. 2001)(interpreting Heck as barring claims which, if successful, would necessarily imply the invalidity of a potential conviction); Shamaeizadeh v. Cunigan, 182 F.3d 391 (6th Cir. 1999)(same); Covington v. City of New York, 171 F.3d 117 (2d Cir. 1999)(same); Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996)(same); Jones v. York Police Dep't, No. 9:06-1918, 2008 WL 553675 (D.S.C. Feb. 25, 08)(same). In the instant case, a ruling in Plaintiff's favor regarding his allegations of false reports would necessarily imply the invalidity of Plaintiff's conviction. Plaintiff has not offered proof that he can satisfy any one of the requirements listed above and therefore he may not proceed with his claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice**.

Signed: January 21, 2009

Graham C. Mullen
United States District Judge